U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 4 2009

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME OVERSTREET,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:09-CV-520-Y |
| DEE ANDERSON, Sheriff,<br>Tarrant County, Texas,<br>    Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Jerome Overstreet, TDCJ-ID #01599743, was a pretrial detainee confined in the Tarrant County jail pending criminal charges in state court at the time this petition was filed.

Respondent Dee Anderson is the Sheriff of Tarrant County.

*C. Factual Background*

At the time this petition was filed, Overstreet was charged with capital murder in the 213th District Court of Tarrant County, Texas. (Resp't Appendix at 15) On September 24, 2009, a jury

found Overstreet guilty of the charged offense and assessed his punishment at life imprisonment. (*Id.* at 4) Overstreet has been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutional Division, to begin serving his sentence. He is currently housed at the McConnell Unit, 3001 South Emily Drive, Beeville, Texas 78102. He has not submitted a change of address to the clerk of Court.

Overstreet challenges his continued pretrial detention in this petition. Anderson has filed a motion to substitute parties or alternatively to dismiss the petition on exhaustion grounds.

*D. Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, Overstreet is no longer a pretrial detainee having been convicted of the charged offense, and the issues presented challenging the lawfulness of his pretrial detention have been rendered moot. It is therefore unnecessary to resolve the issues presented. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction). This federal habeas corpus proceeding is therefore moot.

## II. RECOMMENDATION

Overstreet's petition for writ of habeas corpus should be dismissed as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 28, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 28, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

3

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 4, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE